IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROSA MARIA ROSALES,** § | | |
| **GUADALUPE ESPARZA** § | | |
| PLAINTIFFS § | | |
| § | | |
| § | CIVIL ACTION NO. _____ | |
| v. § | | |
| § | JURY TRIAL REQUESTED | |
| § | | |
| **UBER TECHNOLOGIES, INC.,** § | | |
| **RASIER, LLC** AND § | | |
| **LYFT, INC.** § | | |
| DEFENDANTS § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE SAID COURT:**

**COME NOW, ROSA MARIA ROSALES AND GUADALUPE ESPARZA**, hereinafter referred to by name or as Plaintiffs, and complain of **UBER TECHNOLOGIES, INC., RASIER, LLC, AND LYFT, INC.,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

### I.   PARTIES

**1.1** Plaintiff **ROSA MARIA ROSALES** (hereinafter referred to as **ROSALES**) is an individual and was a resident of VICTORIA COUNTY, TEXAS at the time of the wreck.

**1.2** Plaintiff **GUADALUPE ESPARZA** (hereinafter referred to as **ESPARZA**) is an individual and was resident of VICTORIA COUNTY, TEXAS at the time of the wreck.

**1.3** Defendant **UBER TECHNOLOGIES, INC.** (hereinafter referred to as Defendant **UBER**) is a foreign corporation registered to do business in Texas whose principal

office is located at **1455 MARKET STREET, FLOOR 4, SAN FRANCISCO, CALIFORNIA 94103-1355**, and who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM,** at **1999 BRYAN ST., SUITE 900, DALLAS, TEXAS 75201-3136.**

**1.4** Defendant **RASIER, LLC** (hereinafter **as** Defendant **RASIER**) is a foreign limited liability company organized and existing under the laws of the State of Delaware, whose principal place office is located at 182 Howard Street #8, San Francisco, California 94105. **RASIER, LLC** may be served with process through its registered agent, CT Corporation at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**1.5** Defendant **LYFT, INC. D/B/A LYFT DRIVES TEXAS, INC.** (hereinafter referred to as Defendant **LYFT**) is a foreign corporation registered to do business in Texas whose principal office is located at 185 Berry Street, Suite 5000, San Francisco, CA 94107, and who may be served with process by serving its registered agent, CT CORPORATION SYSTEM, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.   JURISDICTION, VENUE, AND AMOUNT IN CONTROVERSY

**2.1** This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiffs' claims arise under the Constitution and laws of the United States. This Court further has subject matter jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332.

**2.2** Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in this judicial district.

**2.3**   Plaintiffs have suffered damages within the required jurisdictional limits of this Court. The amount in controversy is more than $75,000.00, not counting interest and costs of court.

### III.   STATEMENT OF CLAIM

**3.1**   On September 14, 2019, the Plaintiffs, **ROSA MARIA ROSALES AND GUADALUPE ESPARZA**, were stopped at the red light in the Eastbound inside lane of 1200 East Rio Grande Street, Victoria, Victoria County, Texas. **MIGUEL ALEJANDRO RESENDIZ** was traveling Eastbound in the inside lane of 1200 East Rio Grande Street, where he negligently failed to control his speed, causing his vehicle to strike and rear-end **ROSALES'S** vehicle, causing serious bodily harm to both Plaintiffs and property damage to **ROSALES'S** vehicle.

3.2   The Victoria Police Department attributed a contributing factor to the wreck of "Failed to Control Speed" to **RESENDIZ.** Neither the Plaintiffs, a third party, an unavoidable accident, sudden emergency, nor an Act of God contributed to and/or caused this wreck other than **RESENDIZ** and Defendants' actions.

**3.3**   Plaintiff **GUADALUPE ESPARZA** was transported from the scene of the wreck in an ambulance from the Victoria Fire Department to Detar Hospital South, where she was initially treated for her injuries caused by the wreck.

**3.4**   At the time of the wreck, **RESENDIZ** was utilizing the driver version of the Uber App and his app status was in Period 1 "available" (can receive a ride request) status. **RESENDIZ** was concurrently utilizing the Lyft Driver App and was active in the Lyft platform at the time of the wreck. **RESENDIZ** was in the course and scope as a contract third-party transportation provider with both Defendants at the time of the wreck.

**3.5** As a foreseeable result of **DEFENDANTS'** negligence and the resulting wreck, the Plaintiffs suffered serious and permanent injuries. They have incurred reasonable and necessary medical expenses, suffered physical pain, mental anguish, and disability. These damages are continuing into the future.

## IV. CAUSES OF ACTION

**CAUSES OF ACTION AGAINST DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC**

A. *RESPONDEAT SUPERIOR/VICARIOUS LIABILITY*

**4.1** Immediately prior to and at the time of the wreck, **RESENDIZ** was within the course and scope as a contract third-party transportation provider for Defendants **UBER** and **RASIER, LLC** because there was a Technology Service Agreement in effect between **RESENDIZ, UBER** and **RASIER, LLC**.

**4.2** Immediately prior to and at the time of the wreck, **RESENDIZ** was engaged in the furtherance of Defendants **UBER** and **RASIER, LLC's** business (to provide transportation services using digital technologies (typically smartphones) that connect passengers to drivers who use their personal vehicles to provide rides) by performing the contract transportation services with his personal vehicle to **UBER** and **RASIER, LLC's** users (customers).

**4.3** Immediately prior to and at the time of the wreck, **RESENDIZ** was engaged in accomplishing the transportation service task for which **RESENDIZ** was contracted for as a third-party transportation provider.

**4.4** Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendants **UBER TECHNOLOGIES, INC** and **RASIER, LLC**. Defendants **UBER** and **RASIER, LLC**

are liable for the negligent acts and omissions of its agent under the doctrine of vicarious liability, or *respondeat superior*.

4.5     Further, **UBER** and **RASIER, LLC'S** liability under *respondeat superior* are evidenced by the following examples of **RESENDIZ'S** lack of independent agency defined in his Technology Service Agreement with **UBER** and **RASIER, LLC**, included but not limited to:

    a.     The transportation services by **RESENDIZ** merged into **UBER** and **RASIER, LLC'S** overall operation to connect riders with drivers for a predetermined ride;

    b.     **RESENDIZ** was unable to assign another to do the job in his place and was required to perform his transportation services personally;

    c.     **RESENDIZ** was unable to select, hire, pay or supervise any helpers used to perform his transportation services; and

    d.     **RESENDIZ** was required to perform his contract transportation services for **UBER** and **RASIER, LLC** in the order set by **UBER** and **RASIER, LLC**, i.e., he could only accept a ride request after a user requested a ride through the **UBER** app and through no other means.

4.6     Defendants **UBER** and **RASIER, LLC** employed **RESENDIZ** at the time of the accident, and **RESENDIZ** was at all relevant times acting in the course and scope of his employment with **UBER** and **RASIER, LLC**. The acts of negligence committed by **RESENDIZ** arose directly out of and were done in prosecution of the business that he was employed to do by **UBER** and **RASIER, LLC**, who are

therefore liable under the doctrine of Respondeat Superior for the negligent acts of **RESENDIZ**.

**B.    NEGLIGENT HIRING/NEGLIGENT RETENTION/NEGLIGENT QUALIFICATIONS/ NEGLIGENT VEHICLE MONITORING/NEGLIGENT RETENTION/NEGLIGENT MANAGEMENT/NEGLIGENT MONITORING AND TRAINING/ NEGLIGENT SUPERVISION**

4.7    Additionally, Defendants **UBER TECHNOLOGIES, INC**. and **RASIER, LLC**, failed to exercise reasonable care in hiring, retaining, supervising, monitoring, and training of its drivers, and it is also negligent in one or more of the following respects:

  a.    negligent contracting;

  b.    failing to conduct an adequate pre-employment interview to assess **RESENDIZ'S** qualifications;

  c.    negligent qualifications;

  d.    negligent vehicle monitoring;

  e.    negligent retention;

  f.    negligent management;

  g.     negligent supervision; and

  h.     such additional acts of negligence, which will be established as the case progresses.

4.8    **UBER** and **RASIER, LLC** failed to exercise reasonable care in the above-referenced negligent acts. Defendants **UBER** and **RASIER, LLC** failed in this capacity when they:

  a.    Failed to conduct an adequate pre-employment interview to assess **MR. RESENDIZ'S** ability to safely operate a vehicle;

b. Failed to conduct a reasonable background check;

c. Failed to adopt policies to ensure thorough pre-employment screening;

d. Failed to follow-up on information that indicated the driver should not have been hired and/or retained; failed to conduct a reasonable background check;

e. failed to adopt policies to ensure pre-employment screening;

f. failed to follow-up on information that indicated the driver should not have been hired and/or retained;

g. failed to properly instruct the driver in company safety policies and procedures;

h. failing to perform adequate on-boarding of **RESENDIZ**;

i. failed to provide appropriate safety training with regard to operation, maintenance, and inspection of the vehicle;

j. failed to monitor the driver to ensure appropriate driving techniques were being employed and that the driver was complying with company policies, procedures and state and federal law;

k. failed to supervise the driver to ensure he was acting properly inspecting and maintaining the vehicle.

l. Failed to properly instruct the driver in company safety policies and procedures;

m. Failed to provide appropriate safety training with regard to operation, maintenance, and inspection of the vehicle;

n.  Failed to monitor the driver to ensure appropriate driving techniques were being employed and that the driver was complying with company policies, procedures and state and federal laws;

o.  Failed to ensure the driver had reviewed applicable company policies and procedures; and

p.  Failed to supervise the driver to ensure he was properly inspecting and maintaining the vehicle.

C.  **GROSS NEGLIGENCE**

**4.9**   As set out above, Defendants' actions for negligently contracting, qualifying, monitoring, retaining, managing, and supervising **RESENDIZ** as a third-party transportation provider constitute not only negligence, but also gross negligence. Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs, or others similarly situated.  As a result, each of Defendants' acts and omissions constitute gross negligence and Plaintiffs are entitled to the recovery of exemplary damages.

## CAUSES OF ACTION AGAINST DEFENDANT LYFT, INC.

### D. *RESPONDEAT SUPERIOR/*VICARIOUS LIABILITY

4.9 Immediately prior to and at the time of the wreck, **RESENDIZ** was within the course and scope as a contract third-party transportation provider for Defendant **LYFT** because there was an Agreement in effect between **RESENDIZ** and **LYFT**.

4.10 Immediately prior to and at the time of the wreck, **RESENDIZ** was engaged in the furtherance of Defendant **LYFT's** business (to provide transportation services using digital technologies (typically smartphones) that connect passengers to drivers who use their personal vehicles to provide rides) by performing the contract transportation services with his personal vehicle to **LYFT's** users (customers).

4.11 Immediately prior to and at the time of the wreck, **RESENDIZ** was engaged in accomplishing the transportation service task for which **RESENDIZ** was contracted for as a third-party transportation provider.

4.12 Plaintiff invokes the doctrine of Respondeat Superior as against Defendant **LYFT TECHNOLOGIES, INC**. Defendant **LYFT** is liable for the negligent acts and omissions of its agent under the doctrine of vicarious liability, or *respondeat superior*.

4.13 Further, **LYFT'S** liability under *respondeat superior* is evidenced by the following examples of **RESENDIZ'S** lack of independent agency defined in his Technology Service Agreement with **LYFT**, included but not limited to:

   a. The transportation services by **RESENDIZ** merged into **LYFT'S** overall operation to connect riders with drivers for a predetermined ride;

    b.    **RESENDIZ** was unable to assign another to do the job in his place and was required to perform his transportation services personally;

    c.    **RESENDIZ** was unable to select, hire, pay or supervise any helpers used to perform his transportation services; and

    d.    **RESENDIZ** was required to perform his contract transportation services for **LYFT** in the order set by **LYFT**, i.e., he could only accept a ride request after a user requested a ride through the **LYFT** app and through no other means.

**E.**    **NEGLIGENT HIRING/NEGLIGENT RETENTION/NEGLIGENT QUALIFICATIONS/ NEGLIGENT VEHICLE MONITORING/NEGLIGENT RETENTION/NEGLIGENT MANAGEMENT/NEGLIGENT MONITORING AND TRAINING/ NEGLIGENT SUPERVISION**

4.14    Additionally, Defendant **LYFT**, failed to exercise reasonable care in hiring, retaining, supervising, monitoring, and training of its drivers, and it is also negligent in one or more of the following respects:

    a.    negligent contracting;

    b.    failing to conduct an adequate pre-employment interview to assess **RESENDIZ'S** qualifications;

    c.    negligent qualifications;

    d.    negligent vehicle monitoring;

    e.    negligent retention;

    f.    negligent management;

    g.    negligent supervision; and

    h.    such additional acts of negligence, which will be established as the case progresses.

**4.15**   **LYFT** failed to exercise reasonable care in the above-referenced negligent acts. Defendant **LYFT** failed in this capacity when it:

  a. Failed to conduct an adequate pre-employment interview to assess **RESENDIZ'S** ability to safely operate a vehicle;

  b. Failed to conduct a reasonable background check;

  c. Failed to adopt policies to ensure thorough pre-employment screening;

  d. Failed to follow-up on information that indicated the driver should not have been hired and/or retained; failed to conduct a reasonable background check;

  e. failed to adopt policies to ensure pre-employment screening;

  f. failed to follow-up on information that indicated the driver should not have been hired and/or retained;

  g. failed to properly instruct the driver in company safety policies and procedures;

  h. failing to perform adequate on-boarding of **RESENDIZ**;

  i. failed to provide appropriate safety training with regard to operation, maintenance, and inspection of the vehicle;

  j. failed to monitor the driver to ensure appropriate driving techniques were being employed and that the driver was complying with company policies, procedures and state and federal law;

  k. failed to supervise the driver to ensure he was acting properly inspecting and maintaining the vehicle.

  l. Failed to properly instruct the driver in company safety policies and procedures;

  m. Failed to provide appropriate safety training with regard to operation, maintenance, and inspection of the vehicle;

  n. Failed to monitor the driver to ensure appropriate driving techniques were being employed and that the driver was complying with company policies, procedures and state and federal laws;

> o. Failed to ensure the driver had reviewed applicable company policies and procedures; and
> p. Failed to supervise the driver to ensure he was properly inspecting and maintaining the vehicle.

### F. GROSS NEGLIGENCE

**4.16** As set out above, Defendant's actions for negligently contracting, qualifying, monitoring, retaining, managing, and supervising **RESENDIZ** as a third-party transportation provider constitute not only negligence, but also gross negligence. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs, or others similarly situated. As a result, each of Defendant's acts and omissions constitute gross negligence and Plaintiffs are entitled to the recovery of exemplary damages.

**4.17** By reason of all the above, the Plaintiffs suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which Plaintiffs now sue.

### V. DAMAGES

**5.1** As a direct and proximate result of the collision and grossly negligent conduct of Defendants, Plaintiffs suffered severe bodily injuries. The injuries are permanent in nature and have had a serious effect on Plaintiffs' health and well-being. These

specific injuries and their ill effects have, in turn, caused Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives.

**5.2** Defendants' acts have been the producing and proximate causes of damages to Plaintiffs within the jurisdictional limits of this Court.

**5.3** As a further result of the nature and consequences of their injuries, Plaintiffs suffered great past physical pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

**5.4** As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

**5.5** As a consequence of the injuries sustained by Plaintiffs, they have sustained past physical impairment and disfigurement. In all reasonable probability, this disability will cause them to suffer long into the future, if not for the balance of their natural lives, all due to the damages in an amount that is within the jurisdictional limits of this Court for which they now sue.

## VI. REQUEST FOR JURY TRIAL

**6.1** Plaintiffs demand that this case be tried to a jury.

## VII.   INTEREST

**7.1**   Plaintiffs further request both prejudgment and post judgment interest on all their damages as allowed by law.

## VIII.   PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**8.1**   Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered for the Plaintiffs against the Defendants, for actual damages in an amount in excess of the minimum jurisdictional limits of the court, exemplary damages, interest, attorney fees and taxable costs of court, and for such other further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Physical pain sustained in the past;
2. Physical pain that, in reasonable probability, Plaintiffs will sustain in the

future;

3. Mental anguish sustained in the past;

4. Mental anguish sustained that, in reasonable probability, Plaintiffs will sustain in the future;

5. Physical impairment sustained in the past;

6. Physical impairment that, in reasonable probability, Plaintiffs will sustain in the future;

7. Medical care expenses sustained in the past;

8. Medical care expenses that, in reasonable probability, Plaintiffs will sustain in the future;

9. Loss of wages sustained in the past;

10. Loss of wage-earning capacity that, in reasonable probability, Plaintiffs will sustain in the future;

11. Loss of consortium;

12. Property damage;

13. Loss of use;

14. Pre-judgment interest;

15. Post-judgment interest;

16. Exemplary damages;

17. Disfigurement sustained in the past; and,

18. Disfigurement that, in reasonable probability, Plaintiffs will sustain in the future.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies with the requirements of Rule 11.

**RESPECTFULLY SUBMITTED,**

**DESOUZA LAW, PC**
3201 CHERRY RIDGE DR., SUITE C-300
SAN ANTONIO, TEXAS 78230
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY: */S/ Jason F. DeSouza*
JASON F. DESOUZA
STATE BAR NO.: 24073255
SDTX:2657753
jason@jfdlawfirm.com

BY: */S/ Paul T. Bowers*
PAUL T BOWERS
STATE BAR NO.: 24078247
SDTX: 1733777
paul@jfdlawfirm.com

BY: */S/ Robert B. Evans*
ROBERT B EVANS
STATE BAR NO.: 24034767
robby@jfdlawfirm.com
SDTX: PRO HAC VICE PENDING

*ATTORNEYS FOR PLAINTIFFS*